IN THE
UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MARYLAND

Kathryn Hart, *et al.*

    Plaintiffs

vs.                                                   Civil Action No.: 1:23-cv-03499-JRR

Willie Edward Taylor Carver, Jr.

    Defendant

--o0o-

**PLAINTIFFS' MOTION TO STRIKE (FRCP 12(f)) DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE OR EXCLUDE MATTERS NOT IN THE RECORD FROM DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT THE MOTION INTO A MOTION FOR SUMMARY JUDGMENT AND PERMIT THE PARTIES TO CONDUCT DISCOVERY (FRCP 12(d))**

Plaintiffs Move to Strike Defendant's Motion to Dismiss as it violates FRCP 12. Alternatively, Plaintiffs Move to Strike or Exclude the specific allegations not in the complaint from the Motion to Dismiss (FRCP 12(d) and (f)). Failing those remedies, Plaintiff requests that the Court declare the motion to be a motion for summary judgment and permit the parties to conduct discovery, as required by FRCP 12(d).

Plaintiffs filed a suit for defamation against Defendant. The complaint is a short and plain statement, as required by FRCP 8(a)(1). *See Hall v. DirecTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). "Under Maryland law, to establish a *prima facie* case of defamation, a plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017). For a plaintiff to state a claim for punitive damages

for the defamation, he must allege that the defamer acted with actual malice. *Le Marc's Mgmt. Corp. v. Valentin*, 709 A.2d 1222, 1225 (Md. Ct. Spec. App. 1998). The complaint alleges sufficient facts to state a claim of defamation.

The complaint includes the specific words used by Defendant when he falsely accused Mrs. Hart of being engaged in lesbian threesomes. For purposes of a motion to dismiss, the Court is limited, with exceptions not here relevant, to the four corners of the complaint. *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.,* 566 F.3d 150, 154 (4th Cir. 2009). Defendant's Motion to Dismiss has many factual allegations not in the complaint, rendering the motion defective. Defendant's attempt to provide extraneous "context" must await the Court's rulings on motions in limine and a jury's verdict.

Defendant's allegations of facts outside of the pleadings are so extensive that the Motion to Dismiss must be stricken *en toto*. Alternatively, under FRCP 12(d), the Court may "exclude" matters outside the pleadings. Finally, the Court may convert the FRCP 12(b)(6) motion into a Motion for Summary Judgment under FRCP 12(d) but must allow the Plaintiff discovery.

These "factual" allegations are in the motion to dismiss but not in the complaint; some directly contradict allegations in the complaint. The page numbers track the United States District Court bate stamp page numbers for Document 16-1.

    p. 7:   Carver visited the White House.

    p. 7:   Carver is the 2022 Kentucky Teacher of the Year.

    p. 7:   Carver testified before a congressional committee.

    p. 7:   Carver has been "featured on ABC's *Good Morning America*.

    p. 7:   Carver is an openly gay educator in the South.

    p. 7:   Carver writes for a youth audience.

    p. 7:   Carver has become a lightning rod for conservative education activists.

p. 7:   Mrs. Hart is a Maryland-based chapter chair for the Moms for Liberty activist organization.

p. 7:   The subject "tweet" was part of a political exchange over school censorship initiated by Mrs. Hart.

p. 7:   Mrs. Hart was responding to a tweet by Defendant that linked to an *Orlando Sentinel* news article about book banning by the "party of limited government."

fn. 1:   Incorporates several news articles about Defendant's public appearances and statements and makes the claim that he was scared to return to the classroom.

p. 8:   Mrs. Hart tweeted that "the party of inclusion and acceptance" had "replaced books that teach children about higher ideals with erotica and sex manuals."

p. 8:   Mrs. Hart's handle "Kit Hart, American Girl" included a tag line: "Chair – Moms for Liberty Carroll Co." and, to date, has nearly 4,000 posts.

p. 8:   Mrs. Hart's social media posts relate to Moms for Liberty and gender politics.

p. 8:   Defendant provides an internet link not in the record.

p. 8:   Defendant's response was to the Plaintiff's tweet and was "a social media message in the context of a recent scandal involving Moms for Liberty."

p. 9:   Plaintiff has a "significant public presence."

p. 9:   Plaintiff's educational advocacy has drawn coverage in, among other places, *The Baltimore Sun, Los Angeles Times,* and *New York Post.*

p. 9:   Plaintiff is active in school board meetings and online.

p. 9:   Plaintiff's X/Twitter account has a significant audience of upwards of 7,000 followers to whom she Tweets several times a day.

p. 9:   Plaintiff publicly welcomes the controversies she causes.

p. 9-10:   Plaintiff published a multi-paragraph statement quoted on another website called "informedcarroll."

fn. 4:   Incorporates many newspaper articles.

fn. 5:   quotes a tweet allegedly made by Mrs. Hart.

p. 10:   Defendant's book of poetry was named a Stonewall Award Winner and Rainbow Award Book.

p. 10:   Defendant has testified before the U.S. Congressional Subcommittee on Civil Rights and Civil Liberties about anti-LGBTQ censorship in K-12 schools, including book

3

banning.

fn. 6: Provides a link to Defendant's testimony before a subcommittee of Congress.

p. 11: Defendant provided a color copy of his post linking to the Orlando Sentinel.

p. 11-12: Defendant quotes a tweet by Mrs. Hart related to the party of inclusion replacing books that teach children about higher ideals with erotica and sex manuals.

p. 12: Defendant implies that his tweet about lesbian sex threesomes referenced another woman who was a founder of Moms for Liberty and currently in the news.

p. 12: Defendant provides a cite to an article in the New York Times about Bridget Ziegler, who was accused of engaging in lesbian sex threesomes.

fn. 7: Includes newspaper articles about Bridget Ziegler.

p. 17: Twitter posts themselves show the number of actual views. Only 134 people in the entire world ever saw Defendant's post.

p. 17: After being served with the complaint, Defendant locked the post making it unable to be publicly viewed online.

p. 20: Defendant characterizes his allegations of a lesbian threesome as merely a "spirited exchange of Tweets over book-banning."

p. 22: Plaintiff has her own social media postings using the word "cult" to express her opinions related to transgender issues, using the phrase "trans cult recruitment." Defendant copies and pastes a post allegedly made by Mrs. Hart that bears a date of January 14, 2024.

p. 26: Defendant contends that his statement referred to Bridget Ziegler, a different leader of Moms for Liberty.

Fn. 10: Includes the Carver Declaration Ex. B, purporting to be a composite exhibit of public Tweets by Plaintiff.

Fn. 12: Plaintiff (Defendant's typo refers to "Mrs. Carver" but from the context it is clear Defendant is referring to Mrs. Hart), states that Plaintiff voluntarily injected herself into a public controversy and is a public figure for the defamation claim.

Doc. 16-2 Declaration of Willie Edward Taylor Carver, Jr.

    States his work history.

    States he left teaching due to discrimination.

    States the he was accused of grooming children because he advised a student-run LGBTQ+ group, "Open Light."

>Describes his educational background and current studies for a masters in fine arts. Attaches several tweets, out of over 4,000, allegedly authored by Mrs. Hart.

These factual additions to the Motion to Dismiss render the motion inherently defective. They are so extensive the Court should reject the motion. Alternatively, the Court may strike or exclude these allegations under FRCP 12(d), which specifically lets the Court exclude materials outside of the allegations of the complaint. Under FRCP 12(b)(6) a motion to dismiss must accept at true all the factual allegations of the complaint. Defendant's motion to dismiss defies this rule.

Alternatively, under FRCP 12(d), when a defendant includes material outside of the pleadings in a motion to dismiss, it is automatically converted into a Motion for Summary Judgment and the Plaintiff has the right to conduct discovery. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

What becomes clear from Defendant's Motion to Dismiss is that Defendant is trying to color the litigation with extraneous facts intended to influence the Court to take political sides. Defendant is asking the Court to side with a gay activist against a political conservative. Yet, this case is a simple defamation case. For whatever reason, Defendant accused Mrs. Hart of engaging in a lesbian threesome. The complaint alleges this allegation is false. Defendant does not even attempt to argue that it is true. Under Maryland law, accusing a woman of adultery is defamation *per se* (see Plaintiff's Response to Defendant's Motion to Dismiss incorporated by reference).

It is for the jury to decide the extent of Plaintiff's damages. How much extraneous information the Court will let the jury hear as "context" and justification must await trial. It

5

would not be appropriate for this Court to prejudge the merits of Plaintiffs' allegations, or Defendant's defenses, until trial.

The Court has three choices. It may strike the Motion to Dismiss under FRCP 12(f) in its entirety because the Defendant's motion has "immaterial, impertinent, or scandalous" matter. It may exclude the factual allegations that are not included in the complaint and rule on the motion, accepting the Plaintiff's allegations as true and disregarding the excluded material. Finally, the Court may treat the motion to dismiss as a motion for summary judgment under FRCP 12 (d) and let the case go forward through discovery.

Dated: February 24, 2024         Respectfully Submitted,

/s/
_____
Clarke F. Ahlers, Esq.
(AIS# 8606010002)
Fed Ct. # 08577
Clarke F. Ahlers, P.C.
Atholton Square
10450 Shaker Drive, Suite 111
Columbia, Maryland 21046
Ph: 410-740-1444
Fax: 410-740-0048
Email: cahlers@aol.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of February, 2024, a copy of the foregoing were sent through the CM/ECF system to the attorneys for the Defendant.

/s/
_____
Clarke F. Ahlers, Esq.

6